IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALILA AGIZA ESTATE TRUST, BY AND THROUGH DALILA AGIZA, SUI JURIS, CO-TRUSTEE AND BENEFICIARY; | § § § § § § § § § § § § § § § | 5-25-CV-00740-OLG-RBF |
| *Plaintiff,* | | |
| vs. | | |
| GUILD MORTGAGE COMPANY LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, &QUOT;MERS&QUOT;; AND TERRI MARTIN, SUBSTITUTE TRUSTEE; | | |
| *Defendants.* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando Garcia:**

This Report and Recommendation concerns Plaintiff's Motion for Remand to State Court. *See* Dkt. No. 17. The District Judge referred the case to the Magistrate Judge for resolution of certain pretrial matters, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 5. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Plaintiff's Motion should be **DENIED.**

**Factual and Procedural Background**

DaLila Agiza, acting as or on behalf of the DaLila Agiza Estate Trust, originally filed this action on June 9, 2025, in the 45th District Court of Bexar County, Texas, seeking to quiet title in a parcel of real property against any claims on that property by Guild Mortgage Company,

Mortgage Electronic Registration Systems, Terri Martin, and "does 1 through 100 inclusive," and specifically requesting a temporary restraining order against said Defendants. *See* Dkt. No. 1-1 at 8-30. Oddly, the parties dispute whether the action was filed in order prevent, or in response to, a foreclosure. *Compare* Dkt. No. 1 at 2 *with* Dkt. No. 17 at 3 ("Defendant's assertion that suit was brought merely to prevent foreclosure is clear and intentional misrepresentation of the facts that surround why legal action was taken against defendants."). Plaintiff filed an "amended verified petition" several weeks later on June 23, 2025, alleging as causes of action (1) "lack of standing / void assignments"; (2) "quiet title"; (3) "slander of title"; (4) "breach of contract"; (5) "fraud and fraud upon the court"; (6) "injunctive relief"; and (7) "violations of state and federal law," including the Texas Debt Collection Act (TDCA), the Real Estate Settlement Procedures Act (RESPA), and the Fair Debt Collection Practices Act (FDCPA). Dkt. No. 1-1 at 223-33. In a section entitled "Legal Support and Basis in Law," appended to the Complaint, Plaintiff cites a host of state and federal laws (as well as some cases). *Id*. at 233-35.

Defendant Guild Mortgage Company ("Guild Mortgage") timely removed the action on June 30, 2025, on the basis of federal question as well as diversity jurisdiction. *See* Dkt. No. 1. Guild Mortgage asserts that the Plaintiff Trust's assertion of claims under the RESPA and the FDCPA in the amended complaint bring the case within the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, with supplemental jurisdiction available over the remaining state-law claims pursuant to 28 U.S.C. § 1367. *Id*. at 2-4. Guild Mortgage further asserts that the Court has diversity jurisdiction, notwithstanding Plaintiffs' attempt to join Texas resident Terri Martin, because Martin was improperly joined and the remaining defendants are completely diverse from Plaintiff. *See* Dkt. No. 1 at 6-8; *see also Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir.

2009) ("The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.") (citation omitted).

Plaintiff has filed two motions to remand, Dkt. Nos. 7 & 17, the first of which was mooted in light of the filing of the second, largely identical motion. *See* Dkt. No. 49. The live motion to remand asserts that removal was improper because, among other grounds: (1) the state court should have retained jurisdiction to adjudicate Plaintiff's request for emergency relief via a Temporary Restraining Order; (2) diversity jurisdiction does not exist because Terri Martin was properly joined; (3) removal was procedurally defective under 28 U.S.C. Section 1446 and "established Fifth Circuit precedent;" and (4) federal question jurisdiction is not present. *See generally* Dkt. No. 17.

## Analysis

On a motion for remand, "[t]he removing party," here Guild Mortgage, "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). "Before a state-court civil action may be removed to federal district court, the action must satisfy § 1441," which provides in relevant part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." *Energy Mgmt. Services, LLC v. City of Alexandria*, 739 F.3d 255, 258 (5th Cir. 2014) (quoting 28 U.S.C. § 1441(a) with emphasis removed). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

3

"A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements *or* that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt. Services, LLC*, 738 F.3d at 258-59 (citing 28 U.S.C. §§ 1331, 1332, 1369) (emphasis added). As mentioned, removal here was premised on either or both federal question and diversity grounds. Because either would suffice for purposes of justifying removal, given the Court's supplemental jurisdiction over state law matters once the case is in federal court, the Court addresses the simpler federal question issue. *Id*.

Finally, a trust cannot proceed in federal court unrepresented; nor may a non-lawyer purport to represent a trust in federal court. *United States v. Trowbridge*, 251 F.3d 157, *1 (5th Cir. 2001) (per curiam) (summary calendar, not designated for publication) ("[A] a non-attorney is not entitled to represent a trust in federal court.") (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)). Here, Plaintiff, a trust, filed the present motion by and through a non-lawyer, Dalila AGiza. The Motion is therefore procedurally infirm and warrants denial. The Court addresses the merits, at least in part, to assuage and concerns that a procedurally proper motion would warrant relief. Further filings made by a non-lawyer on behalf of the Plaintiff will be struck.

### A.    The State Court Petition Raises a Federal Question.

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. Here, Guild Mortgage invoked the jurisdiction of the federal courts by removing this case to federal court from Texas state court, Dkt. No. 1, and it is Guild Mortgage that must prove that

4

federal jurisdiction existed at the time of removal. *Howery*, 243 F.3d at 916. The Court must "therefore examine the record of this case to determine whether the facts or allegations in the record establish the existence of subject-matter jurisdiction at the time of removal," which here can be accomplished by looking to whether federal law was invoked in Plaintiff's pleadings. *Id*. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

A review of Plaintiffs' "Verified Amended Complaint" confirms that Plaintiffs invoked federal law within the four corners of the well-pleaded complaint. The seventh cause of action pleads "violations of state and federal law," the federal law in question being RESPA and the FDCPA. Dkt. No. 1-1 at 231. A section appended to the Amended Complaint is more specific, citing the First, Fifth, and Fourteenth Amendments; RESPA, specifically 12 U.S.C. § 2605; the FDCPA, 15 U.S.C. § 1692 *et seq*.; and the Fifth Circuit case *Miller v. BAC Home Loans Servicing*, L.P., 726 F.3d 717 (5th Cir. 2013). Plaintiff's argument that "federal jurisdiction requires more than incidental references to federal issues," Dkt. No. 17 at 4 (citing *Merrill Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986)), is inapposite because the federal issues here are not "incidental" but are directly cited under one of Plaintiff's listed causes of action. *See* Dkt. No. 1-1 at 231; *see also id*. at 234. Directly contrary to Plaintiff's claim that she seeks no relief under those statutes, she seeks in her Petition "statutory penalties under each applicable statute" asserted in the section where she pleads violations of federal law. *Id* at 231.

As such, "a federal question is presented on the face of the plaintiff's properly pleaded complaint," and removal on the basis of federal question jurisdiction was proper. *Caterpillar Inc.*

*v. Williams*, 482 U.S. at 392.

      **B.**      **The Court Has Supplemental Jurisdiction Over State Law Claims.**

The Supreme Court "has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.''" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (alteration in original) (*quoting Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading." *Id*. at 165 (citing 28 U.S.C. § 1367). That statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Here, it is clear the state-law claims are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. All claims arise out of the same subject property, the same sale of that property, and the same foreclosure procedures Plaintiffs dispute. Dkt. No. 1-1 at 224-363. The fact section is moreover incorporated by reference and re-alleged at the top of every cause of action, meaning that it serves as the basis for both state and federal claims asserted. *Id*. at 228-232. Thus, the claims derive from a common nucleus of operative fact and comprise the very same case or controversy under the controlling test for supplemental jurisdiction. *See City*

*of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. at 164-65. Thus, the court has jurisdiction over Plaintiff's federal *and* state claims.

### C. Plaintiff's Remaining Arguments for Remand Are Meritless.

Plaintiff's remaining arguments for remand not addressed by the discussion above include that (1) Plaintiff was denied access to emergency relief due to improper removal timing such that the state court should have retained jurisdiction to hear Plaintiff's request for emergency relief, "prejudic[ing] Plaintiff's right to be heard, den[ying] her equitable remedies, and render[ing] the removal improper under, 28 U.S.C. § 1446(d) and 28 U.S.C. § 1447(c)", Dkt. No. 17 at 4; and (2) removal was procedurally defective under 28 U.S.C. § 1446 and "established Fifth Circuit precedent." *Id*. at 9-10.

Regarding the first ground, nothing in Plaintiff's cited statutes provides that a state court must retain jurisdiction, and a federal court cannot exercise jurisdiction, where there is a pending motion for emergency relief in the state case; instead, the statutes address the procedures for and following removal. *See* 28 U.S. Code § 1446(d) (requiring notice of removal to adverse parties and the state court and providing that said notice "shall effect the removal and the State court proceed no further unless and until the case is remanded."); 28 U.S. Code § 1447(c) (setting out certain requirements for a motion to remand). Plaintiff fails to demonstrate through this argument an entitlement to remand.

Plaintiff's second argument fails in that it does not demonstrate that Guild Mortgage failed to meet the procedural requirements for remand. *See* Dkt. No. 17 at 9-14. A review of Guild Mortgage's response to the motion shows that they timely met all the notice requirements for remand. *See, e.g.*, Dkt. No. 10 (providing that "Defendants . . . promptly filed a file-stamped copy of the Notice of Removal in the state court and served Plaintiff with notice in strict

compliance with the statutory requirements."); *see also* Dkt. No. 22 (incorporating by reference the arguments against remand made in Plaintiff's original motion for remand, Dkt. No. 7). Plaintiff's objection that the notice of removal omits certain portions of the state court record is also not supported by a review of the record. Defendants appended to their notice of removal a record of more than 360 pages of state court proceedings. *See* Dkt. No. 1-1 at 1-2 (indexing over 360 pages of records from the state court proceedings below). These records plainly include documents Plaintiff says are missing, such as Plaintiff's application for a TRO and certain exhibits and affidavits, *see, e.g.*, *id*. at 22-30, 331-59, and Defendants respond that certain other documents do not actually exist. *See* Dkt. No. 10 at 5 ("Moreover, there is no evidence of service on any defendant."). Once again, Plaintiff fails to demonstrate through this argument an entitlement to remand.

Finally, Plaintiff's other procedural arguments appear equally infirm, but the Court declines to expend further time and limited resources addressing them given that the present Motion is itself procedurally improper and warrants denial on that basis alone.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's Motion for Remand to State Court, *see* Dkt. No. 17, be **DENIED**.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 27th day of January, 2026.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE