IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DALILA AGIZA ESTATE TRUST, BY
AND THROUGH DALILA AGIZA, SUI
JURIS, CO-TRUSTEE AND
BENEFICIARY;

§
§
§
§
§
§
§
§
§
§
§
§
§
§

5-25-CV-00740-OLG-RBF

*Plaintiff,*

vs.

GUILD MORTGAGE COMPANY LLC,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, AND
TERRI MARTIN, SUBSTITUTE
TRUSTEE;

*Defendants.*

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando Garcia:**

This Report and Recommendation concerns the status of this case, as well as the pending

Motion to Dismiss filed by Guild Mortgage Company LLC and Mortgage Electronic

Registration Systems. *See* Dkt. No. 23. The District Judge referred this matter for resolution of

pretrial matters, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United

States District Court for the Western District of Texas. *See* Dkt. No. 5. Authority to enter this

recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, this

matter should be **DISMISSED**, and the Motion to Dismiss, Dkt. No. 23, should be **MOOTED**.

DaLila Agiza, acting as or on behalf of the DaLila Agiza Estate Trust, originally filed this

action on June 9, 2025, in the 45th District Court of Bexar County, Texas, apparently seeking to

quiet title in a parcel of real property. Dkt. No. 1-1 at 8. She initially sued Guild Mortgage

Company, LLC; Terri Martin, substitute trustee; Mortgage Electronic Registration Systems; and "Does 1 through 100 inclusive, et al," and sought a temporary restraining order against them. *See* Dkt. No. 1-1 at 8-30. Plaintiff filed an "amended verified original petition" several weeks later on June 23, 2025, alleging as causes of action (1) "lack of standing / void assignments"; (2) "quiet title"; (3) "slander of title"; (4) "breach of contract"; (5) "fraud and fraud upon the court"; (6) "injunctive relief"; and (7) "violations of state and federal law," including the Texas Debt Collection Act (TDCA), the Real Estate Settlement Procedures Act (RESPA), and the Fair Debt Collection Practices Act (FDCPA). Dkt. No. 1-1 at 223-33. Defendant Guild Mortgage timely removed the action on the basis of federal question jurisdiction on June 30, 2025. *See* Dkt. No. 1.

On November 21, 2025, the Court ordered Plaintiff—which is a trust—to retain counsel by December 12, 2025, noting that Plaintiff was improperly attempting to proceed in federal court without being represented by an attorney, and that Agiza could not proceed *pro se* in anything other than her individual capacity. *See* Dkt. No. 32 at 2-3 (citing various parts of the record in which Agiza expressly denied that she seeks to proceed in an individual capacity); *see also United States v. Trowbridge*, 251 F.3d 157, 2001 WL 300933, at *1 (5th Cir. 2001) (per curiam) (summary calendar, not designated for publication) ("[A] a non-attorney is not entitled to represent a trust in federal court.") (citation omitted); *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("As the courts have recognized, the rationale for th[e] rule [that a corporation may appear in the federal courts only through licensed counsel] applies equally to *all artificial entities*.") (emphasis added). That Order specifically warned that "[i]f no counsel appears for the Dalila Agiza Estate Trust [on or before December 12, 2025], it will be recommended that the case be dismissed for failure to follow a Court order, pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. No. 32 at 4.

2

The deadline came and went, and Plaintiff did not retain counsel. The Court therefore denied Plaintiff's various pending motions as procedurally improper, as they were all filed by a non-attorney purporting to represent the trust. *See* Dkt. No. 49. It also mooted one of Plaintiff's Motions to Remand and Defendants' Motion for Status Update and Ruling on Pending Motions. *Id*. at 4-5. The Court then entered a report and recommendation denying Plaintiff's Motion to Remand for lack of subject-matter jurisdiction, finding that the Court has federal question and therefore subject-matter jurisdiction over this case. Dkt. No. 51. The District Judge adopted the report and recommendation. Dkt. No. 54.

Thus, the Court has confirmed its jurisdiction, Plaintiff remains unrepresented, and the case is well beyond the deadline set for Plaintiff to retain counsel. Thus, it is now appropriate to dismiss this matter for failure to follow a court order pursuant to Federal Rule of Civil Procedure 41(b). It bears emphasis that the Court has repeatedly warned Plaintiff that counsel must be retained, that the Court has explained the reasons for this, and the Court has provided ample time and opportunity for Plaintiff to comply. There are no other options left. Plaintiff refuses to comply with the Court's orders and refuses to proceed through counsel and instead insists on proceeding via an individual not authorized to practice law in this Court.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be **DISMISSED**. In view of the dismissal on these grounds, it is furthermore recommended that the Defendants' Motion to Dismiss, Dkt. No. 23, be **MOOTED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 4th day of March, 2026.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE