**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

April 13, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

| | | |
|---|---|---|
| DALILA AGIZA ESTATE TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL NO. SA-25-CV-740-OLG** |
| | § | |
| GUILD MORTGAGE COMPANY, | § | |
| LLC *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court has considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation (the "Report") (Dkt. No. 56), filed on March 4, 2026, concerning the status of this case. Dalila Agiza ("Ms. Agiza"), as the trustee and a beneficiary of the Dalila Agiza Estate Trust (the "Trust") filed objections (the "Objections") (Dkt. No. 57) to the Report.

When a party objects to a magistrate judge's report and recommendation, the district court must conduct a de novo review as to those portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Frivolous, conclusory, or general objections need not be considered by the district court. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any portions of the magistrate judge's finding or recommendation that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

The Court has conducted a de novo review of those portions of the Report subject to the Objections and is of the opinion that the Report is correct, and that the Objections are without merit as to Judge Farrer's ultimate findings. Many of Ms. Agiza's arguments are frivolous and need not be considered herein. However, Ms. Agiza also argues that, as the trustee and a beneficiary of the Trust, she may represent it pro se in these proceedings and need not retain

counsel as instructed by Judge Farrer. *See* Dkt. No. 57 at 3. This argument is without merit. Ms. Agiza cites no authority suggesting that a trust, as opposed to some other entity, like an estate, may proceed in federal court without licensed counsel. *Id.* And the weight of authority suggests the opposite: that a pro se litigant "may not represent the interests of a trust or in [her] capacity as trustee 'regardless of how close [her] association with the [trust]." *E.g., Aromaye v. U.S. Bank Tr. Nat'l Ass'n*, No. 24-CV-188, 2024 WL 5500314, at *3 (E.D. Tex. Nov. 21, 2024) (quoting *Intelligender, LLC v. Soriano*, No. 10-CV-125, 2011 WL 903342, at *6 (E.D. Tex. Mar. 15, 2011)), *R. & R. adopted*, 2025 WL 1160605 (E.D. Tex. Apr. 21, 2025); *Prince v. Chow*, No. 12-CV-645, 2013 WL 150313, at *2 (E.D. Tex. Jan. 14, 2013) (holding that a trustee and beneficiary of a trust had "no standing to appeal on behalf of the [t]rust because a nonattorney trustee may not represent a trust before the court" (collecting cases)), *aff'd sub nom. In re Prince*, 548 F. App'x 262 (5th Cir. 2013). Accordingly, the Objections (Dkt. No. 57) are **OVERRULED**, the Report (Dkt. No. 56) is **ACCEPTED** and, for the reasons set forth therein, this case is **DISMISSED WITHOUT PREJUDICE**.

Any pending motions are **DISMISSED AS MOOT**.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on April ___13___, 2026.

ORLANDO L. GARCIA
United States District Judge

2